FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

97 DEC 10 PM 1:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JOE LEE PEPPERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CV 96-AR-1574-M |
| ) | |
| LEONEAL DAVIS, Warden; ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

ENTERED

DEC 10 1997

## MEMORANDUM OPINION

This is an action by an Alabama state prisoner pursuant to 28 U.S.C. § 2254, filed with respect to convictions he received for sodomy and sexual abuse in the Circuit Court of Marshall County, Alabama, on November 18, 1992. The petitioner, Joe Lee Peppers, filed his *pro se* petition for writ of habeas corpus on June 18, 1996, raising the single claim that he was improperly denied the right to a complete trial transcript on appeal.[1] The petitioner is incarcerated at the Limestone Correctional Facility

---

1. Although petitioner's traverse to the response filed by respondents asserts that he was denied effective assistance of appellate counsel because counsel requested a transcript of only the sentencing proceedings and not of petitioner's entire trial, he has not alleged ineffective assistance as a ground for relief. Thus, the only claim before the court is the assertion that he was denied a transcript for purposes of appeal, which is distinct from an ineffective assistance claim.

9

in Capshaw, Alabama, serving a total concurrent sentence of twenty-two years.

## Procedural History

On November 18, 1992, the petitioner was convicted in a jury trial in the Circuit Court of Marshall County of two counts of first-degree sodomy in violation of <u>Alabama Code</u> § 13A-6-63 and one count of first-degree sexual abuse in violation of <u>Alabama Code</u> § 13A-6-66. On January 11, 1993, he was sentenced as a habitual offender to a term of life imprisonment for each of the two counts of sodomy and to ten years imprisonment for sexual abuse, all to be served concurrently. He immediately gave notice of appeal and on January 19, 1993, petitioner's counsel filed a "reporter's transcript order" pursuant to Rules 10(c) and 11(b) of the Alabama Rules of Appellate Procedure requesting a transcript of the "sentencing proceedings only." (<u>See</u> <u>Respondents' Exhibit B</u>). Consistent with that request, the court reporter prepared a transcript of petitioner's sentencing hearing and supplied it to petitioner's counsel. No transcript of the trial was prepared.

On his direct appeal to the Alabama Court of Criminal Appeals, petitioner argued that the State had failed to prove that two prior felonies had been committed by the petitioner for purposes of enhanced sentencing as a habitual offender. No issue was raised concerning the lack of a transcript of the trial. On

2

June 18, 1993, the Alabama Court of Criminal Appeals remanded the case to the trial court stating in pertinent part:

> ... He appeals, raising one issue.
>
> Peppers contends that the state failed to prove the two prior felony convictions used to enhance his sentence. We agree. A review of the record reveals that the evidence offered by the state to prove the two prior felony convictions for burglary and larceny failed to show that he was convicted of both crimes.
>
> For this reason, we remand this case to the trial court with instructions to hold a new sentencing hearing to determine whether the appellant has been convicted of one or two prior felonies. If the court determines that Peppers was convicted of two prior felonies, then the sentence should stand. However, if the court finds that Peppers was convicted of only one prior felony then, the court should resentence Peppers accordingly.
>
> ... REMANDED WITH INSTRUCTIONS.

On remand, the Circuit Court of Marshall County conducted a sentencing hearing on July 2, 1993, and the petitioner was resentenced to a 22-year term for each of the two counts of sodomy and to a 5-year term for sexual abuse, to be served concurrently. On return to remand, the Alabama Court of Criminal Appeals affirmed the trial court on September 30, 1993, stating:

> On June 18, 1993, we remanded this case to the trial court with instructions to hold a new sentencing hearing to determine whether the appellant, Joe Lee Peppers, had been convicted of one or two prior felonies. On original

3

> submission, we could not determine from the record whether the appellant had been convicted of one or two prior felonies and, therefore, could not review the legality of his sentences under the Alabama Habitual Felony Offender Act. We instructed the court that if it found that the appellant had been convicted of two prior felonies, the sentence initially imposed should stand; however, if it found that he had been convicted of only one prior felony, it should resentence the appellant accordingly.
>
> The trial court has complied with our instructions and has filed a return, showing that the state proved only one prior felony conviction. The court, pursuant to our instructions, resentenced the appellant as a habitual offender with one prior felony conviction to 22 years' imprisonment on each of the two sodomy counts and to 5 years' imprisonment on the sexual abuse count. The court ordered that the sentences be served concurrently.
>
> The appellant now having been properly sentenced **and no other issues being raised on appeal**, the judgment of the trial court is due to be affirmed. (Bolding added).

Almost eight months later, on May 17, 1994, the petitioner filed a petition for writ of mandamus in the Alabama Court of Criminal Appeals requesting that the circuit court provide him with a free copy of his trial transcript. The Alabama Court of Criminal Appeals denied the petition on May 18, 1994. The application for rehearing was denied on June 9, 1994. The petitioner filed a "Motion For Free Transcript" in the Circuit Court of Marshall County on August 9, 1994, which was denied on August 22, 1994. The petitioner appealed, and on March 3, 1995,

4

the Alabama Court of Criminal Appeals dismissed the appeal as a "non-appealable order." The Alabama Supreme Court denied a writ of certiorari on September 8, 1995.

On October 18, 1995, the petitioner returned to the Circuit Court of Marshall County, filing a "Petition For Relief From Judgment or Order," which was construed as a petition pursuant to Rule 32, A.R.Crim.P., seeking withdrawal of the court's order denying the petitioner a free copy of the trial transcript. The Marshall County Circuit Court denied the petition on October 19, 1995. The petitioner appealed, and on March 8, 1996, the Alabama Court of Criminal Appeals affirmed the denial of the Rule 32 petition stating:

> Affirmed by Memorandum. Joe Lee Peppers appeals from the denial of his Rule 32 petition. In his petition, the appellant contends that he is entitled to a free transcript of his trial. It appears that on direct appeal, only a transcript of the sentence proceedings was requested. On appeal, this court reversed the cause and remanded the case back to the trial court for resentencing. The trial court resentenced the appellant in accordance with our instructions. Now in his Rule 32 petition, the appellant wishes a transcript of the entire trial proceedings. An indigent defendant does not have a constitutional right to a free transcript after his appeal has been prosecuted. State v. Powell, 641 So. 2d 772 (Ala. 1994). Therefore, the petition was correctly denied.

The petitioner filed his *pro se* petition for writ of habeas corpus in this Court on June 18, 1996. Pursuant to the court's order to show cause, the respondents filed an answer on October 3, 1996. In an order entered by the magistrate judge on October 7, 1996, the parties were notified that the petition would be considered for summary disposition, and the petitioner was notified of the provisions and consequences of this procedure under Rule 8 of the <u>Rules Governing § 2254 Cases</u>. The petitioner filed a response on October 11, 1996.

### Right To A Free Trial Transcript

The petitioner complains that he was improperly denied the right to a free trial transcript for purposes of appeal. He argues that because he was denied a complete trial transcript, he was unable to effectively appeal or collaterally attack his sodomy and sexual abuse convictions.

Insofar as he asserts the denial of a transcript on direct appeal, the short answer simply is that his attorney requested only a transcript of the sentencing hearing, which was prepared and delivered to him. There is nothing in the record to suggest that either petitioner or counsel requested a full trial transcript while the direct appeal was ongoing. There is nothing to indicate that counsel or petitioner were surprised that only a transcript of the sentencing hearing was prepared, and there is no

6

record that he either sought relief from the appellate court or trial court to assure the preparation of a full transcript while the case was still on appeal. It was only after the petitioner had been resentenced that he began to seek a transcript of the entire trial.

Plainly, an indigent criminal defendant is entitled to a free copy of the trial transcript on appeal if he requests it. See Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). The right is not unlimited, however. A court facing a request for a free transcript must balance whether it is needed and whether there are alternatives to the transcript. As the Supreme Court explained:

> In prior cases involving an indigent defendant's claim of right to a free transcript, this Court has identified two factors that are relevant to the determination of need: (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript.

Britt v. North Carolina, 404 U.S. 226, 227, 92 S.Ct. 431, 433-404, 30 L.Ed.2d 400 (1971).

In the instant case, counsel specifically asked only for a transcript of the sentencing hearing, at least suggesting that petitioner had no need for a transcript of the entire trial. Under

7

these facts, petitioner was not denied a transcript for appeal purposes. He was supplied the transcript he requested.

A prisoner who seeks to collaterally attack his conviction is entitled to his trial transcript whenever he alleges a defect in his conviction of constitutional dimension and can identify with particularity those relevant portions of his transcript which he needs to prosecute and prove his claim. *Jones v. Superintendent*, 460 F.2d 150, 152 (4th Cir. 1972)(citing *Lane v. Brown*, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed. 2d 892 (1963), and *United States v. Shoaf*, 341 F.2d 832 (4th Cir. 1964)). The State need not be put to the expense and burden of preparing a transcript where a petitioner seeks to collaterally attack his conviction but alleges no constitutional defect in the criminal process which produced that conviction. *Jones*, 460 F.2d at 153. An indigent prisoner is not entitled to a transcript "merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).

In the petitioner's Rule 32 petition, he failed to raise any issues other than that he had sought a free copy of his trial transcript.[2] The Alabama Court of Criminal Appeals affirmed the

---

[2] It is not clear, but insofar as petitioner alleges only that the state trial court refused to provide him with a transcript for use in **collateral** proceedings, the petition fails to raise any challenge to the validity of his convictions or sentences, and it would be due to be dismissed under Rule 4 of the *Rules Governing § 2254 Cases*. *Spradley v. Dugger*, 825 F.2d 1566 (11th Cir. 1987).

8

denial of the Rule 32 petition stating that "[a]n indigent defendant does not have a constitutional right to a free transcript after his appeal has been prosecuted. State v. Powell, 641 So. 2d 772 (Ala. 1994)." The courts are not required to provide a transcript to an indigent defendant who has had a prior opportunity to obtain a transcript and has waived it, or has yet to mount a non-frivolous collateral attack on his conviction. United States v. MacCollom, 426 U.S. 317, 325-26 (1976); Bounds v. Smith, 430 U.S. 817, 822 n.8 (1977); Murphy v. Prunty, 78 F.3d 594 (9th Cir. 1996).[3] Therefore, because the petitioner fails to assert any constitutional defects in the criminal process that produced his conviction, and because he has yet to justify his need for the transcript other than to search for errors, and because he did not take advantage of a prior opportunity to obtain the transcript, this claim for habeas relief is due to be denied.

---

[3] Petitioner's reliance on Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed. 2d 501 (1967), is misplaced. Entsminger holds only that a defendant is entitled to a free transcript on direct appeal. It does not speak at all to the State's obligation to provide a transcript for use in collateral proceedings after the completion of the first appeal of right. Entsminger cites to the earlier case of Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed. 2d 39 (1961), which holds only that a State may not prevent an indigent defendant from filing a post-conviction collateral attack on his conviction simply because he cannot pay a docket fee. Neither of these cases stand for the proposition that the State must provide an indigent defendant with a free transcript simply for the purpose of enabling him to comb the record for errors to assert in a collateral petition.

9

By separate order the court will deny and dismiss with prejudice the § 2254 petition filed in this action.

DATED this __10th__ day of December, 1997.

/s/ William M. Acker
_____
WILLIAM M. ACKER, JR.
SENIOR U.S. DISTRICT JUDGE